UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 4:14-CR-116 |
| v. | ) |
| | ) PLEA AGREEMENT |
| ROGELIO VASQUEZ RANGEL, | ) (F.R.C.P. Rule 11(c)(1)(C)) |
| | ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the Defendant, ROGELIO VASQUEZ RANGEL, and Defendant's attorney, enter into this Plea Agreement.

A. **CHARGES**

1. <u>Subject Offense</u>.  Defendant will plead guilty to Count 1 of the Indictment, that is, Distribution of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

2. <u>Charges to be Dismissed</u>.  Count 2 will be dismissed at the time of sentencing.

3. <u>No Further Prosecution</u>.  The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation.  This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3) any criminal offense which Defendant did not fully disclose to law enforcement during Defendant's interviews pursuant to any proffer or other agreements with the United States.

B. **MAXIMUM PENALTIES**

4. <u>Punishment</u>.  Defendant understands that the crime to which Defendant is pleading guilty carries a mandatory minimum sentence of ~~five (5)~~ Ten (10) w/ CI RVR years; a maximum sentence of up to ~~forty (40) years~~ life w/ RVR in prison; a maximum fine of $~~5~~ ,000,000.00; and a term of supervised release 10, w/ CI

*[handwritten: R.U.R w]*

of ~~five (5)~~ Ten (10) years. A mandatory special assessment of $100 also must be imposed by the sentencing court.

5. <u>Supervised Release--Explained</u>. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to five (5) years in prison, without any credit for time previously served.

6. <u>Detention</u>. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees that Defendant will remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

**C. NATURE OF THE OFFENSE -- FACTUAL BASIS**

7. <u>Elements Understood</u>. Defendant understands that to prove the offense alleged under **Count 1 (Distribution of Methamphetamine)**, the Government would be required to prove beyond a reasonable doubt the following elements:

    (a) That the defendant intentionally transferred methamphetamine to another person or persons; and

    (b) That at the time of the transfer, the defendant knew that it was methamphetamine; and

    (c) That the amount of methamphetamine was more than 50 grams.

8. <u>Elements Admitted</u>. As a factual basis for his plea of guilty, Defendant admits the following:

    (a) That on or about May 14, 2014 the Defendant agreed to deliver methamphetamine to another person or persons in Newton, Iowa.

    (b)    That on or about May 14, 2014 the Defendant transferred the methamphetamine to Gustavo Gonzalez Torres, and Misty Philo to deliver to another person or persons in Newton, Iowa.

    (c)    The methamphetamine was 372.6 grams actual methamphetamine.

9.    <u>Truthfulness of Factual Basis</u>.  Defendant acknowledges that the above statements are true.  Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney.  Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10.    <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

11.    <u>Joint Sentencing Recommendation</u>.  Under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that the Court should impose a sentence of one hunred and twenty (120) months and will not advocate for a higher or lower sentence at the time of sentencing.  The parties agree that this sentence takes into account all of the relevant factors set forth under 18 U.S.C. § 3553(a), including the advisory sentencing guidelines calculation, the nature and circumstances of the offense, the history and characteristics of the Defendant, and other pertinent factors.  Should the Court decline to impose this recommended sentence, Defendant may withdraw Defendant's plea of guilty and the case will then be set for trial; likewise, if the Court declines to impose the recommended sentence, the Government also may withdraw from this Plea Agreement and the case will be set for trial.  In the event that the relevant advisory guidelines are

amended and made retroactive under Title 18 U.S.C., Section 3582(c)(2), Defendant waives any right to seek a sentencing reduction in exchange for this Rule 11(c)(1)(C) plea agreement.

12. Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

13. Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

14. Criminal History. Defendant has represented to the United States that Defendant has no prior felony drug convictions or violent crime convictions. If the Defendant is found to have a prior drug felony conviction or a prior violent crime conviction, the Government may withdraw from this Plea Agreement.

## E. FINES, COSTS, AND RESTITUTION

15. Forfeiture. Defendant agrees to forfeiture of the property identified in the Indictment. Defendant will execute any documents as directed by the Government to complete the forfeiture.

16. Special Assessment. Defendant agrees to pay the mandatory special assessment

of $100 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

17. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F. LIMITED SCOPE OF AGREEMENT

18. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

19. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

20. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

 (a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

 (b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

 (c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

 (d) Confront and cross-examine adverse witnesses;

 (e) Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

 (f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

 (g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

21. <u>Waiver of Appeal and Post-Conviction Review</u>.  Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant.  If the court imposes the sentence recommended by the parties, Defendant also waives any and all rights to appeal Defendant's sentence.  Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.  These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.  These waivers also do not preclude Defendant from seeking relief under 28 U.S.C. § 2255 based on any change in the law deemed to be retroactive as a matter of law as determined by the Courts, as a matter of express statutory language enacted by the Congress, or as a matter of policy as determined by the United States Department of Justice.

**H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

22. <u>Voluntariness of Plea</u>.  Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)     No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)     Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

23.     Consultation with Attorney.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)     Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case, nor the advice the attorney has given.

(c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.     GENERAL PROVISIONS

24.     Entire Agreement.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be in writing and signed by all parties.

25.     Public Interest.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense

and promotes respect for the law.

26.     Execution/Effective Date.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

**J.     SIGNATURES**

27.     Defendant.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

*May 22, 2015*
Date

*Rogelio Vasquez R.*
Rogelio Vasquez Rangel

28.     Defendant's Attorney.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion.   I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.

8

*5/22/15*

* I Ona Porteboa certified that I translated this document to the Defendant with Defense Attorney

I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

5-22-15
Date

Chad R Frese
KAPLAN FRESE & NINE LLP
111 E. Church Street
Marshalltown, IA 50158
641 753 5549
Fax: 641-753-0962
Email: chad@kflawllp.com

29.  United States.  The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

5/22/15
Date

By:

Cliff Wendel
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa  50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail:  cliff.wendel@usdoj.gov